UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
JASPER DIVISION

| | |
|---|---|
| TEDDY VINTSON, | ) |
| | ) |
|    Claimant, | ) |
| | ) |
| vs. | ) Case No. CV-12-S-767-J |
| | ) |
| MICHAEL J. ASTRUE, Commissioner, Social Security Administration, | ) ) ) |
| | ) |
|    Defendant. | ) |

**MEMORANDUM OPINION AND ORDER OF REMAND**

Claimant, Teddy Vintson, commenced this action on March 9, 2012, pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final adverse decision of the Commissioner, affirming the decision of the Administrative Law Judge ("ALJ"), and thereby denying his claim for supplemental security income benefits.

The court's role in reviewing claims brought under the Social Security Act is a narrow one. The scope of review is limited to determining whether there is substantial evidence in the record as a whole to support the findings of the Commissioner, and whether correct legal standards were applied. *See Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988); *Tieniber v. Heckler*, 720 F.2d 1251, 1253 (11th Cir. 1983).

Claimant does not challenge any of the ALJ's factual findings. Instead, he

asserts that the ALJ's decision was not in accordance with applicable legal standards. Specifically, claimant asserts that the ALJ should have found him to be disabled pursuant to the Medical-Vocational Guidelines ("grids"), and, alternatively, that the case should be remanded for consideration of new evidence. Upon review of the record, the court concludes that remand is warranted for further consideration of whether claimant's past work experience involved skills that are readily transferable to other employment.

In her administrative decision, the ALJ made the following findings:

>   1. The claimant has not engaged in substantial gainful activity since August 27, 2008, the application date (20 CFR 416.971 *et seq.*).
>
>   . . . .
>
>   2. The claimant has the following severe impairments: mild degenerative changes to the lumbar spine; minimal diffuse disc bulge; small Schmorl's node and osteoarthrosis in right knee. (20 CFR 416.920(c)).
>
>   . . . .
>
>   3. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926).
>
>   . . . .
>
>   4. After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 416.967(a) except can stand/walk two hours

out of an eight hour workday; can sit six hours out of an eight hour workday; can lift/carry ten pounds occasionally and less than ten pounds frequently; must avoid concentrated exposure to extreme cold and extreme heat; must avoid all exposure to hazards and unprotected heights; can never climb ladders, ropes, or scaffolding; can occasionally bend, stoop, crouch, kneel, balance or crawl; can occasionally climb ramps and stairs; and can occasionally pull with either his upper or lower extremities.

. . . .

5. The claimant is unable to perform any past relevant work (20 CFR 416.965).

. . . .

6. The claimant was born on July 28, 1963 and was 45 years old, which is defined as a younger individual age 45-49, on the date the application was filed (20 CFR 416.963).

. . . .

7. The claimant is considered illiterate based on his testimony (20 CFR 416.964).

. . . .

8. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

. . . .

9. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR

416.969 and 416.969(a)).

. . . .

10.     The claimant has not been under a disability, as defined in the Social Security Act, since August 27, 2008, the date the application was filed (20 CFR 416.920(g)).[1]

Claimant argues that the ALJ should have found him disabled under the Medical-Vocational Guidelines, or "grids." Specifically, Medical-Vocational Rule 201.17 mandates a finding of disability for a younger individual age 45-49 who is illiterate or unable to communicate in English, whose past work experience is unskilled, and who is limited to sedentary work as a result of severe medically determinable impairments. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 2, Rule 201.17. Claimant undisputedly was 45 years old on the date he applied for disability benefits.[2] Moreover, the ALJ clearly found that claimant was illiterate and could perform only a limited range of sedentary work.[3] Thus, the only remaining question is whether claimant's past work experience should be considered "unskilled" as that term is used in the grids.

The vocational expert testified during the administrative hearing that claimant's past relevant work experience as a logger, brick layer helper, and roofing applicator

---

[1] Tr. 14-18.

[2] *See* Tr. 17, finding 6.

[3] *See* Tr. 15, finding 4; Tr. 17, finding 7.

was at the medium to heavy exertional level and was semi-skilled in nature,[4] but he did not state — nor was he asked — whether any of the skills involved in those jobs would be transferable to other jobs at the sedentary exertional level. The ALJ also did not discuss whether claimant had transferable skills.

That omission is significant, even though the explicit language of Rule 201.17 does not mention transferability of skills, because other authority indicates that transferability is a relevant factor. The prefatory text of the rule states:

> The term *younger individual* is used to denote an individual age 18 through 49. For individuals who are age 45-49, age is a less advantageous factor for making an adjustment to other work than for those who are age 18-44. Accordingly, a finding of "disabled" is warranted for individuals age 45-59 who:
>
> (i) Are restricted to sedentary work,
>
> (ii) Are unskilled **or have no transferable skills**,
>
> (iii) Have no past relevant work or can no longer perform past relevant work, and
>
> (iv) Are unable to communicate in English, or are able to speak and understand English but are unable to read or write in English.

20 C.F.R. Pt. 404, Subpt. P, App. 2, § 200(h)(1) (italicized emphasis in original, boldface emphasis supplied).

Other courts have relied upon this prefatory language to hold that skilled or semi-skilled work involving no readily transferable skills should be treated the same

---

[4] Tr. 43-44.

as unskilled work under Rule 201.17.  In *Silveira v. Apfel,* 204 F.3d 1257 (9th Cir. 2000), the Ninth Circuit acknowledged that Rule 201.17 did not explicitly mention transferability of skills, but nonetheless held that "[a]ll grid rules are to be interpreted as treating a skilled or semi-skilled work history with no transferable skills as equivalent to an unskilled work history." *Id.* at 1261.  *See also Sorenson v. Bowen,* 888 F.32d 706, 713 n.1 (10th Cir. 1989) (citing the prefatory language of the Rule); *Harris v. Astrue,* No. 2:08-cv-0667, 2008 WL 5339814, *8 (W.D. Pa. Dec. 22, 2008) ("Therefore, in applying the proper regulations, it is clear that the ALJ should have treated Plaintiff's skilled work history as unskilled because he made the specific finding that Plaintiff did not have any transferable skills."); *Mosleh v. Barnhart,* No. CIV.A.01-418-SLR, 2002 WL 31202674, *10 (D. Del. Sept. 26, 2002) ("Grid rule 201.17, read in conjunction with the regulation, also places individuals within the rule who possess no transferable skills.").

These decisions also are consistent with other Social Security Regulations and administrative rulings.  The regulations explaining how the Commissioner should evaluate a claimant's work experience provide, in pertinent part:

> If you have acquired skills through your past work, we consider you to have these work skills unless you cannot use them in other skilled or semi-skilled work that you can now do.  *If you cannot use your skills in other skilled or semi-skilled work, we will consider your work background the same as unskilled*.

20 C.F.R. §§ 404.1565(a), 416.965(a) (emphasis supplied).  Social Security Ruling

82-41 states, in pertinent part:

> Skills are not gained by doing unskilled jobs, and a person has no special advantage if he or she is skilled or semiskilled but can qualify only for an unskilled job because his or her skills cannot be used to any significant degree in other jobs. The table rules in Appendix 2 are consistent with the provisions regarding skills because *the same conclusion is directed for individuals with an unskilled work background and for those with a skilled or semiskilled work background whose skills are not transferable*.

SSR 84-41, at ¶ 2(a) (emphasis supplied).

Based on all of the above-cited authority, this court concludes that the ALJ should have made findings with regard to whether the skills involved in claimant's past semi-skilled work are transferable to other employment. If the skills were not transferable, then claimant's past work should have been considered "unskilled" under Rule 201.17, and he should have been found disabled.[5] Remand is warranted for the ALJ to obtain vocational expert testimony concerning the transferability of claimant's work skills, and to reconsider claimant's disability status under Rule 201.17 based on

---

[5] The Commissioner asserts that the proper Grid Rule is 201.19, which the ALJ applied. That Rule dictates a finding of "not disabled" for a younger individual age 45-49 who has a "limited or less" education, whose past work experience is skilled or semiskilled with non-transferable skills, and who is limited to sedentary work as a result of severe medically determinable impairments. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 2, Rule 201.19. This court cannot understand how that rule applies to claimant, given that the ALJ specifically found claimant to be illiterate, not to have a "limited or less" education. The Commissioner states in his brief that "[t]he fact that the ALJ found Plaintiff illiterate does not alter this analysis as grid rule 201.19 considers all those with a 'limited or less' educational background level, which includes illiteracy." Doc. no. 9 (Commissioner's brief), at 5-6. The court simply cannot accept that assertion, given that Grid Rule 201.18 defines "limited or less" education as "at least literate and able to communicate in English." 20 C.F.R. Pt. 404, Subpt. P, App. 2, Rule 201.18.

the results of that testimony. *See Higgins v. Apfel,* 222 F.3d 504, 505-06 (8th Cir. 2000) (remanding the case to the Commissioner for further development under Rule 201.17 when the vocational expert did not opine whether the claimant had transferable skills as part of the Rule 201.17 analysis).[6]

The decision of the Commissioner is REVERSED, and this action is REMANDED to the Commissioner of the Social Security Administration for further proceedings consistent with this order.

The Clerk of Court is directed to close this file.

DONE this 2nd day of January, 2013.

　　　　　　　　　　　　　　　　／s／ Lynwood Smith
　　　　　　　　　　　　　　　　United States District Judge

---

[6] Because remand is warranted on these grounds, the court need not consider claimant's alternative argument, *i.e.,* that the remand is warranted for consideration of new evidence produced to the Appeals Council after the date of the ALJ's decision.